**John WITHEROW, Petitioner–Appellant,**

v.

**Craig FARWELL and Nevada Attorney General, Respondents–Appellees.**

No. 08–16594.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 25, 2010.*

Filed June 14, 2010.

John Witherow, Indian Springs, NV, pro se.

Heather D. Procter, Deputy Attorney General, Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Nevada state prisoner John Witherow appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Witherow contends that the district court erred by determining that he has no federally recognized liberty interest in the application of good time credits to his life sentence. Witherow's due process rights were not violated because the state of Nevada has not created a liberty interest in the application of good time credits to a life sentence. *See Hunt v. Warden,* 111 Nev. 1284, 903 P.2d 826, 827 (1995); *see also Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Thus, the Nevada Supreme Court's order rejecting this claim was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We certify for appeal, on our own motion, the issue of whether the Nevada Department of Corrections' failure to deduct earned good time credits from Witherow's lifetime term of imprisonment violated due process.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).